UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY KIRKMAN,<br><br>    Plaintiff,<br><br>v.<br><br>EXPLORICA, INC.,<br><br>    Defendant. | Civil Action No. 09-10945 |

## NOTICE OF REMOVAL

  Defendant Explorica, Inc. ("Explorica") files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Suffolk Division (the "Superior Court") to the United States District Court for the District of Massachusetts.  As its reasons for removal, Explorica states:

  1.  Explorica is the sole defendant in a civil action in the Superior Court entitled *Jeffrey Kirkman v. Explorica, Inc.*, Civil Action No. 09-1624-C (the "Pending Action"). Explorica first received the complaint in the Pending Action (the "Complaint") on May 15, 1009. Therefore, this Notice of Removal is timely.

  2.  A true and correct copy of the Complaint, summons, and Tracking Order are attached hereto as Exhibit A.

LIBB/1645277.1

3.	This Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because the Complaint relates to an employee benefit plan that is subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4.	The Complaint alleges that Explorica denied Jeffrey Kirkman "the ability to participate in benefit programs (*i.e.,* health, dental and 401k plans)."  Complaint at ¶ 54.

5.	The health and dental benefit programs referenced in the complaint constitute "employee welfare benefit plan[s]" within the meaning of ERISA which is defined to include any employer plan, fund or program "to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits…"  29 U.S.C. § 1002(1).

6.	The Complaint is preempted by ERISA.  Under ERISA, claims that "relate to" an employee benefit plan are preempted.  29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).  A claim relates to an employee benefit plan "if it has a connection with or reference to such a plan."  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).  The Complaint relates to the employee benefit plans because it alleges that Explorica had an obligation to provide Mr. Kirkman with health and dental benefits and failed to honor that obligation.

7.	The Complaint purports to set forth a claim for health and dental benefits and, therefore, comes within ERISA's civil enforcement provisions.  ERISA's civil enforcement provisions include authorization for claims by a participant or beneficiary:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

8. The Complaint is subject to removal. A state law claim that is preempted by ERISA and that falls within the scope of ERISA's civil enforcement provision is removable to federal court regardless of whether ERISA is expressly raised in the text of the claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). As set forth above, both criteria for removal are satisfied here. Because the Complaint raises the type of claim that is specifically authorized by ERISA, the Complaint plainly is removable.

9. This Court has jurisdiction over all claims and all parties. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

10. The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Suffolk County, Massachusetts, which lies within this District.

Dated: June 4, 2009

Respectfully submitted,

EXPLORICA, INC.

By its attorneys,

/s/ James W. Nagle
James W. Nagle (BBO #366540)
Beth A. Norton (BBO #664580)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA   02109
Tel:  (617) 570-1000
jnagle@goodwinprocter.com
bnorton@goodwinprocter.com

## CERTIFICATE OF SERVICE

     I, James W. Nagle, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 4, 2009.

                                   /s/ James W. Nagle