# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT DEPT.
                                                CIVIL ACTION NO.:

_____
                                    )
JEFFREY KIRKMAN,                    )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
EXPLORICA, INC.                     )
        Defendant                   )
_____)

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Jeffrey Kirkman ("Kirkman"), is an individual with a residence at

2. The Defendant, Explorica, Inc. ("Explorica") is a Massachusetts corporation with a place of business at 145 Tremont Street, 6th Floor, Boston, Suffolk County, Massachusetts.

### Facts

3. Kirkman is a 47-year-old homosexual male. He is 'open' about his sexual orientation.

4. Kirkman was hired by Explorica on or about November 1, 2007.

5. Kirkman and Explorica executed a contract with Kirkman in which Explorica agreed to compensate Kirkman for his efforts to develop teacher outreach programs for their student travel product.

6. During the performance of his duties, Kirkman realized that he was treated like an employee, and not like an Independent Contractor. Kirkman attempted on numerous occasions to address and resolve this issue with Explorica, which routinely ignored or rejected Kirkman's attempts.

7. During November through December 2007, Explorica informed Kirkman that he should expect the company to transfer him to a full-time position in Massachusetts, where Explorica is headquartered, to move to Explorica's Boston

office and then he would become a full-time W-2 employee in the Boston office but

8. In or about January 2008, Explorica reversed its position by telling Kirkman that the timing was wrong to transfer him and change his classification from Independent Contractor to employee.

9. Kirkman was required to respond to requests from Explorica employees in the Boston and San Diego office. The sales staff in both of these offices called upon Kirkman directly for any needs they had relative to interaction with teachers, fundraising, and customer-based issues.

10. Kirkman worked exclusively with Explorica and was responsible for a workload that required full time hours. Kirkman was an arm of the Marketing office that is based in Boston.

11. Kirkman was expected to participate in all company meetings that involved the sales and marketing staff and operation.

12. Kirkman was required to get permission and approval from Director-level employees to accomplish the tasks assigned to him.

13. Kirkman's position entailed working on a series of projects with the EVP of Sales and Marketing, Mark Cestari, ("Cestari").

14. In January 2008, Kirkman became the director of a larger project called Explorica Edge under the supervision of Cestari.

15. In February 2008, Kirkman traveled to Boston and filmed eight segments for the Explorica Edge program.

16. In April 2008, Kirkman was told that in August 2008 would be the best time for him to join Explorica full time.

17. In May 2008, Cestari expressed doubts about Kirkman being full time in August because there was a new CFO and the budget for the new fiscal year were being finalized.

18. In July 2008, Kirkman went to Paris the full responsibility of the orientation content under the Explorica Edge program.

19. In order for Kirkman to control these orientations, in June 2008, Cestari took away Richard Beekman's, a director-level employee, involvement on these orientation programs.

20. In July or August 2008, Cestari told Kirkman to wait until the end of December 2008 to see what the results of their efforts would be and then plan to bring him on full time in January 2008.

21. In August 2008, Kirkman went to Boston to present at the company's Kick Off the Explorica Edge program for 2008-2009.

22. On August 6, 2008, Kirkman had a meeting with Alexa Poulin, ("Poulin"), in which Poulin engaged in an aggressive and emasculating treatment of Kirkman regarding projecting he was involved in relative to his new responsibilities leading Explorica's orientations.

23. The evening of August 6, 2008, Kirkman attended a cocktail party at Cestari's home in which Poulin and other directors attended.

24. Kirkman left the party with Kristina Smith, ("Smith"), an independent contractor who heads marketing for Explorica's Canadian office, after feeling the directors demonstrated a chilly behavior towards him.

25. Kirkman went to a bar at the hotel where he was approached by Richard Beekman, ("Beekman"), Director of Custom Tours, and Justin Berke, ("Berke"), Director of Customer Care.

26. Both Beekman and Berke were aggressive and essentially said they did not want to work with Kirkman and implied that if he did not resign, he would be fired.

27. After Beekman and Berke left Kirkman at the bar, Smith came over to ask what had happened.

28. At this point, Smith told Kirkman that Beekman had said to her that Kirkman was involved with Cestari sexually and that is why he had his job. Beekman had told Smith this in December 2007 when everyone attended the company's Christmas party.

29. Upset, Kirkman called Cestari in Smith's presence to tell him what he just learned.

30. The next day, Kirkman told the HR Director what had occurred.

31. Kirkman filed an official report of sexual orientation discrimination with Human Resources.

32. Days later, Explorica informed Kirkman that he was fired.

33. To date, Explorica still has not provided a reason in support of its decision to terminate Kirkman's employment.

<u>Causes of Action</u>

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

<u>FIRST CAUSE OF ACTION</u>

<u>UNLAWFUL DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION
IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B § 4, et. seq.</u>

34. This is a cause of action for unlawful discrimination because of sexual orientation in violation of Massachusetts General Laws Chapter 151B § 4, et. seq.

35. Kirkman is gay; he neither advertises nor conceals this fact.

36. Numerous Explorica employees obviously harbor hurtful and bigoted ideas regarding homosexuality.

37. An Explorica employee told Kirkman of a rumor that he had his position only because he was involved in a sexual relationship with Cestari, another openly gay Explorica employee.

38. Many Explorica employees had continuously made disparaging, sexist remarks about Cestari and Kirkman as far back as the Company Holiday party in December 2007.

39. These rumors are profane, false and malicious.

40. Kirkman filed an official report of sexual orientation discrimination with Human Resources.

41. In August 2008, Kirkman was terminated with no reason in support of this decision.

42. It was unlawful for Explorica to terminate Kirkman because he of his sexual orientation.

43. As a result of the Company's conduct, Kirkman has suffered damages.

44. Kirkman has exhausted his administrative remedies by filing an administrative complaint with the Massachusetts Commission Against Discrimination.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MASSACHUSETTS INDEPENDENT CONTRACTOR LAW MASS. GEN. LAWS CHAPTER 149 § 148B, et. seq.

45. Kirkman had a long-term relationship with Explorica.

46. Kirkman had an Explorica email address and online access to the Company's sales management system.

47. Kirkman was not free from control and direction in the execution of his job as he was increasingly incorporated into the structure of Explorica and had to seek direction from the Director of Marketing, Director of Sales or other staff members.

48. Kirkman could not carry out his activities and duties with independence and autonomy.

49. Kirkman reported to Explorica management and was required to work a set schedule.

50. Kirkman could not complete his job using his own approach.

51. Kirkman's efforts were part of the sales and marketing efforts of Explorica and were an integral part of the company's sales and marketing strategies.

52. Kirkman was not working in an independently established occupation. Kirkman only worked with Explorica and had no other clients.

## THIRD CAUSE OF ACTION
### FRAUD/DECEIT/MISREPRESENTATION

53. Kirkman was told on many occasions that Explorica would transfer him to Boston and correct his classification to that of a W-2 employee.

54. Kirkman explained that as a result of the misclassification, he was precluded from enjoying employee benefits, including paid vacation days, loss of overtime opportunity, the ability to participate in benefit programs, (i.e., health, dental and 401k plans), was forced to pay higher taxes and was precluded from making Social Security contributions.

55. Explorica knowingly made false misrepresentations that Kirkman would be transferred to Boston and that he would be treated like an employee.

56. Kirkman was reasonable in relying upon these representations, which ultimately caused him economic harm.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff prays that this honorable court:

1. enter an award for Kirkman for damages relating to economic losses, foreseeable consequential economic losses, foreseeable emotional distress, financial losses, reasonable attorney's fees, costs and interest against Explorica for their violation of M.G.L. Ch. 151B §4, and M.G.L. Ch 149 §148B and

2. Grant such other relief as this Court deems just and proper.

April 21, 2009

Respectfully submitted,

The Plaintiff,
Jeffrey Kirkman
By his attorney,

John W. Davis (BBO #648399)
Davis & Davis, P.C.
77 Franklin Street, 3rd Floor,
Boston, MA 02110.
(617) 338-5770

6

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 09-1624-C

JEFFREY KIRKMAN, Plaintiff(s)

v.

EXPLORICA, INC., Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon John W. Davis, Esq. of Davis and Davis, PC plaintiff's attorney, whose address is 77 Franklin St., 3rd Floor, Boston 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

Michael Joseph Donovan
Clerk/Magistrate

A true copy Attest:
John Cotter
3/15/[?]
Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



Home » County Inquiry » Civil Party Search » Search Results » Docket Details

# Kirkman v Explorica Inc

**Details for Docket: SUCV2009-01624**

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | SUCV2009-01624 | Caption: | Kirkman v Explorica Inc |
| Filing Date: | 04/22/2009 | Case Status: | Needs review for service |
| Status Date: | 04/22/2009 | Session: | Civil C, 3 Pemberton Sq, Boston |
| Lead Case: | NA | Case Type: | Complex |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 02/16/2010 |
| Service Date: | 07/21/2009 | Disposition: | 02/11/2011 |
| Rule 15: | 09/19/2009 | Rule 12/19/20: | 09/19/2009 |
| Final PTC: | 08/15/2010 | Rule 56: | 04/17/2010 |
| Answer Date: | 08/20/2009 | Jury Trial: | YES |

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | SUCV2009-01624 | Caption: | Kirkman v Explorica Inc |
| Filing Date: | 04/22/2009 | Case Status: | Needs review for service |
| Status Date: | 04/22/2009 | Session: | Civil C, 3 Pemberton Sq, Boston |
| Lead Case: | NA | Case Type: | Employment Discrimination |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 02/16/2010 |
| Service Date: | 07/21/2009 | Disposition: | 02/11/2011 |
| Rule 15: | 09/19/2009 | Rule 12/19/20: | 09/19/2009 |
| Final PTC: | 08/15/2010 | Rule 56: | 04/17/2010 |
| Answer Date: | 08/20/2009 | Jury Trial: | YES |

| Docket Details: | Parties | Attorneys | Docket Entries | Calendar Events |
|---|---|---|---|---|
| | | | | Print Docket |

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Terms of Use
System data reflects current activity.