UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY KIRKMAN,

               Plaintiff,

v.

EXPLORICA, INC.,

               Defendant.

Civil Action No. 1:09-cv-10945-JLT

**ORAL ARGUMENT REQUESTED**

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE THIRD CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT

Defendant Explorica, Inc. ("Explorica") submits this Memorandum of Law in

Support of its Motion to Dismiss the Claim of Fraud asserted by Plaintiff Jeffrey Kirkman

("Plaintiff" or "Kirkman"), pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6).

### BACKGROUND

This dispute arises out of a contractual relationship between Kirkman and Explorica. The

parties entered into an agreement whereby Explorica would compensate Kirkman for his efforts

on specific projects. Complaint at ¶ 5. Kirkman asserts that on three occasions Explorica

informed him that it intended to hire him to a full-time position with the company at some point

in the future. Complaint at ¶¶ 7, 16 and 20. On these facts the Plaintiff asserts a claim of fraud

but this claim fails as a matter of law. Not only has Kirkman failed to plead his fraud claim with

the requisite particularity required under Rule 9(b) but he has also failed to plead the basic

elements of fraud. Indeed, Plaintiff has offered little more than conclusory allegations or

speculative statements regarding fraud's basic elements.  As the Supreme Court has made clear, to survive a motion to dismiss, a complaint must allege "enough *facts* to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 195, 1965 (2007) (emphasis added); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth").  Kirkman has failed to meet this burden with regard to his claim of fraud.

## ARGUMENT

**I.     The Fraud Claim Must Be Dismissed Pursuant to Rule 9(b) Because
        Kirkman Fails to Plead the Elements of a Fraud Claim With Particularity**

Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The First Circuit has interpreted this to mean that rule 9(b) "entails specifying in the pleader's complaint the time, place and content of the alleged false or fraudulent representations."  *Arruda v. Sears, Roebuck & Co.*, 310 F. 3d 13, 19 (1st Cir. 2002) (internal quotations omitted).  "Mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement."  *Hayduk v. Lanna*, 775 F. 2d 441, 444 (1st Cir. 1985) (citations omitted).

Plaintiff has not met the threshold pleading requirement of Rule 9(b).  Kirkman alleges only that Explorica "knowingly made false representations," and generally relates the content of the supposed representations.  *See* Complaint at ¶¶ 7, 18, 16, 20, 53 and 55.  Plaintiff's general recitations do not sufficiently relate the circumstances of the alleged fraud.  Kirkman vaguely asserts that "Explorica" purportedly communicated to him that he would be transferred to a full-time position.  Nowhere does the Complaint explain who specifically made the purported

statements or where these statements were made.  *See Blacksmith Investments, LLC v. Cives*

*Steel Co., Inc.*, 228 F.R.D. 66, 73 (D. Mass. 2005) (recommending dismissal of fraud and deceit

counts where "the complaint does not allege who made the statements, who relied on them, [or]

where or when they were made").[1]  Aside from the month and year in which the statements were

supposedly made, the Complaint offers no further circumstances regarding the context of the

purported statements or where or how they were made.  Plainly, these allegations do not meet the

exacting requirements of Rule 9(b) pleading.

## II.     The Fraud Claim Must Be Dismissed Pursuant to Rule 12(b)(6) Because It Fails To State a Claim Upon Which Relief May Be Granted

To prevail on his fraud claim, Kirkman must show that (1) Explorica made a false

misrepresentation of material fact, (2) Explorica knew that the representation was false, (3)

Explorica made the representation for the purpose of inducing Kirkman to act thereon, (4)

Kirkman reasonably relied upon the representation as true, and (5) to his detriment.  *See*

*Bergeron v. Ridgewood Securities Corp.*, Civil Action No. 06-10321 RGS, 2009 WL 840666,

*24 (D. Mass. March 31, 2009); *Danca v. Taunton Sav. Bank*, 385 Mass. 1, 8 (1982).

### 1.     Kirkman Fails to Allege that Explorica Made A False Misrepresentation of Material Fact

To satisfy the first element of a claim of fraud a plaintiff must assert a misrepresentation

based on "fact, not of expectation, estimate, opinion, or judgment."  *Blacksmith,* 228 F.R.D. at 73

(quoting *Zimmerman v. Kent,* 31 Mass. App. Ct. 72, 79 (1991)).  Accordingly, "false

---

[1]     The only indication of who may have made these statements appears in ¶ 20 of the Complaint, where the Plaintiff states that, "In July or August 2008, [Mark] Cestari told Kirkman to wait until the end of December 2008 to see what the results of their efforts would be and then plan to bring him on full time in January 2008 [sic]."  As explained *infra* at Section II, this statement cannot form the basis for a fraud claim as it is nothing more than a conditional statement of future intention.  Moreover, Kirkman's contract with Explorica was terminated in August 2008, shortly after this comment was purportedly made.  Therefore, he cannot demonstrate that he reasonably relied on this statement as true and that he did so to his detriment.  Lastly, Kirkman cannot demonstrate that this statement

statements…of conditions to exist in the future, or of matters promissory in nature are not actionable." *Id.* (quoting *Yerid v. Mason*, 341 Mass. 527, 530 (1960)).

At best, and taking Kirkman's allegations to be true, as the Court must, Kirkman alleges that Explorica stated a conditional intention to hire him as a full-time employee at some time in the future.   Complaint at ¶¶ 7, 16 and 20.  Kirkman has not asserted that any alleged statements by Explorica "misrepresented the actual intention of the speaker" so as to constitute a misrepresentation of material fact.  *Piantes v. Pepperidge Farm, Inc.,* 875 F. Supp. 929, 933 (D. Mass. 1995) (citing *McEvoy Travel Bureau, Inc. v. Norton Co.*, 408 Mass. 704, 709 (1990)) ("statements of present intention as to future conduct may be the basis for a fraud action [only] if … the statements misrepresent the actual intention of the speaker").  Moreover, Kirkman fails to plead that Explorica knew any alleged statement it made was false.  He simply asserts that Explorica "knowingly made false representations" that Kirkman would become a full-time employee of Explorica.  Complaint at ¶ 55.  Kirkman has not alleged any facts that would show that Explorica knew any of these statements to be false, how Explorica knew this information was false, or otherwise.  Such a conclusory allegation is not sufficient to state a claim of fraud. *See Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Twombly*, 127 S. Ct. at 1974 (holding that a plaintiff must proved "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

---

was false as his relationship with Explorica terminated for unrelated reasons prior to the time the condition precedent to the future offer of employment was to be met.

2.      Kirkman Fails to Allege That Explorica Made A False
        Misrepresentation for the Purpose of Inducing Him to Act Thereon

Kirkman also fails to allege that Explorica made any alleged misrepresentation for the

purpose of inducing him to act thereon.  As discussed above, Kirkman merely alleges that

Explorica "knowingly made false representations" that he would become a full-time employee.

Complaint at ¶ 55.  Kirkman fails to put forth any allegations regarding Explorica's purpose or

intent in making these alleged representations.  *See Blacksmith*, 228 F.R.D. at 73 (holding that a

defendant's "intention not to perform in the future cannot be established merely by its

subsequent non-performance").

3.      Kirkman Fails to Allege That He Reasonably Relied
        Upon Any Alleged Misrepresentation to His Detriment

Kirkman does not aver any facts to support his assertion that he was "reasonable in

relying upon these representations."  Complaint at ¶ 56.  As discussed above, such a conclusory

allegation is insufficient to survive a motion to dismiss.  *See Iqbal*, 129 S. Ct. at 1950; *Twombly*,

127 S. Ct. at 1974.  Kirkman fails to put forth any facts detailing *how* he relied on any allegedly

false statements to his detriment, or what actions he took or did not take in reliance on any

allegedly false statements.  To the contrary, the face of the Complaint makes clear that Kirkman

did not understand any of these statements of future intent to hire him to be a binding

commitment upon which he reasonably relied.  Kirkman alleges that Explorica "routinely

ignored or rejected Kirkman's attempts" to be classified as an employee.  Complaint at ¶ 6.  He

further claims that he was told that there were "doubts" about his becoming a full-time employee

"because there was a new CFO and the budget for the new fiscal year were [sic] being finalized."

Complaint at ¶ 17.  Later, Kirkman was told "to wait until the end of December 2008 to see what

the results of their efforts would be" before he would be offered a full-time position.  Complaint

at ¶ 20.  As the Complaint itself reveals, Explorica did not make unconditional promises to hire

Kirkman as an employee upon which he could claim to reasonably rely.  *See Blacksmith,* 228

F.R.D. at 73.

## CONCLUSION

For the foregoing reasons, Explorica respectfully requests that this Court dismiss the

Third Cause of Action for fraud asserted in the Complaint.

Dated:   June 9, 2009

Respectfully submitted,

EXPLORICA, INC.

By its attorneys,

/s/ James W. Nagle
James W. Nagle (BBO #366540)
Beth A. Norton (BBO #664580)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA   02109
Tel:  (617) 570-1000
Fax: (617) 523-1231
jnagle@goodwinprocter.com
bnorton@goodwinprocter.com

## CERTIFICATE OF SERVICE

I, James W. Nagle, hereby certify that this document filed through the ECF system will
be sent electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those indicated as non registered participants on June 9,
2009.

/s/ James W. Nagle