UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY KIRKMAN,

        Plaintiff,

v.

EXPLORICA, INC.,

        Defendant.

Civil Action No. 1:09-cv-10945-JLT

## ANSWER

Defendant Explorica, Inc. ("Explorica") by and through its undersigned attorneys, submits the following answer and affirmative defenses to the Complaint filed by the plaintiff, Jeffrey Kirkman ("Kirkman") as follows:

### Parties

1.    Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint and therefore denies the same.

2.    Explorica denies that it is a Massachusetts corporation but admits the remaining allegations set forth in paragraph 2 of the Complaint.

### Facts

3.    Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint and therefore denies the same.

4.    Explorica denies the allegations set forth in paragraph 4 of the Complaint. By way of further answer, Explorica states that it entered into with Kirkman a Consulting Services

Agreement, dated November 1, 2007 (the "Consulting Services Agreement"), for the performance of services.

5. Explorica admits that it entered into the Consulting Services Agreement with Kirkman. Explorica denies the remaining allegations set forth in paragraph 5 of the Complaint. By way of further answer, Explorica states that the Consulting Services Agreement is the best evidence of its own contents.

6. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint and therefore denies the same.

7. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint and therefore denies the same. By way of further answer, Explorica states that it did not authorize anyone to offer Kirkman full-time employment at any time.

8. Explorica denies the allegations set forth in paragraph 8 of the Complaint.

9. Explorica denies the allegations set forth in paragraph 9 of the Complaint. By way of further answer, Explorica states that Kirkman was called upon to perform services consistent with the Consulting Services Agreement.

10. Explorica is without information or knowledge sufficient to form a belief as to the allegations set forth in the first sentence of paragraph 10 of the Complaint and therefore denies the same. Explorica denies the allegations set forth in the second sentence of paragraph 10 of the Complaint. By way of further answer, Explorica states that Kirkman was called upon to perform services consistent with the Consulting Services Agreement.

11. Explorica denies the allegations set forth in paragraph 11 of the Complaint.

12. Explorica denies the allegations set forth in paragraph 12 of the Complaint.

13. Explorica denies the allegations set forth in paragraph 13 of the Complaint. By way of further answer, Explorica states that Kirkman was called upon to perform services consistent with the Consulting Services Agreement, including projects with Mark Cestari ("Cestari").

14. Explorica denies the allegations set forth in paragraph 14 of the Complaint. By way of further answer, Explorica states that Kirkman was called upon to perform services consistent with the Consulting Services Agreement, including projects with Cestari.

15. Explorica admits that Kirkman filmed certain segments for the Explorica Edge program in Boston in February 2008. Explorica is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 15 of the Complaint and therefore denies the same.

16. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Complaint and therefore denies the same. By way of further answer, Explorica states that it did not authorize anyone to offer Kirkman full-time employment at any time.

17. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint and therefore denies the same.

18. Paragraph 18 of the Complaint consists of a sentence fragment, for which no answer is required. To the extent an answer is required, Explorica denies the allegations set forth in paragraph 18 of the Complaint.

19. Explorica denies the allegations set forth in paragraph 19 of the Complaint.

20. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Complaint and therefore denies the same. By way of

further answer, Explorica states that Cestari did not have the authority to offer Kirkman full-time employment at any time.

21. Explorica admits that Kirkman was in Boston in August 2008 to present at the company's Kick Off of the Explorica Edge program. Explorica is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 21 of the Complaint and therefore denies the same.

22. Explorica denies the allegations set forth in paragraph 22 of the Complaint. By way of further answer, Explorica states that Kirkman and Alexa Poulin were in a meeting together on August 6, 2008.

23. Explorica admits the allegations set forth in paragraph 23 of the Complaint.

24. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Complaint and therefore denies the same.

25. Explorica denies the allegations set forth in paragraph 25 of the Complaint. By way of further answer, Explorica states that at some time during the evening of August 6, 2008, Kirkman had a conversation at a bar with Richard Beekman and Justin Berke.

26. Explorica denies the allegations set forth in paragraph 26 of the Complaint.

27. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Complaint and therefore denies the same.

28. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28 of the Complaint and therefore denies the same.

29. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Complaint and therefore denies the same.

30. Explorica denies the allegations set forth in paragraph 30 of the Complaint. By way of further answer, Explorica states that Kirkman did speak with Elizabeth Dornburgh on August 8, 2008, about his interaction with various Explorica employees.

31. Explorica denies the allegations set forth in paragraph 31 of the Complaint.

32. Explorica denies the allegations set forth in paragraph 32 of the Complaint. By way of further answer, Explorica states that it terminated the Consulting Services Agreement on August 14, 2008.

33. Explorica denies the allegations set forth in paragraph 33 of the Complaint.

## Causes of Action

**(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)**

### FIRST CAUSE OF ACTION

**UNLAWFUL DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION
IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B § 4, et seq.**

34. Paragraph 34 of the Complaint states a legal averment for which no answer is required. To the extent an answer is required, Explorica denies the allegations set forth in paragraph 34 of the Complaint.

35. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35 of the Complaint and therefore denies the same.

36. Explorica denies the allegations set forth in paragraph 36 of the Complaint.

37. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37 of the Complaint and therefore denies the same.

38. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 38 of the Complaint and therefore denies the same.

39. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 39 of the Complaint and therefore denies the same.

40. Explorica denies the allegations set forth in paragraph 40 of the Complaint.

41. Explorica denies the allegations set forth in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states a legal averment for which no answer is required. To the extent an answer is required, Explorica denies the allegations set forth in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint states a legal averment for which no answer is required. To the extent an answer is required, Explorica denies the allegations set forth in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states a legal averment for which no answer is required. To the extent an answer is required, Explorica denies the allegations set forth in Paragraph 44 of the Complaint.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MASSACHUSETTS INDEPENDENT CONTRACTOR LAW MASS. GEN. LAWS CHAPTER 149 §148b, et seq.

45. Explorica denies the allegations set forth in paragraph 45 of the Complaint.

46. Explorica admits the allegations set forth in paragraph 46 of the Complaint.

47. Explorica denies the allegations set forth in paragraph 47 of the Complaint.

48. Explorica denies the allegations set forth in paragraph 48 of the Complaint.

49. Explorica denies the allegations set forth in paragraph 49 of the Complaint.

50. Explorica denies the allegations set forth in paragraph 50 of the Complaint.

51. Explorica denies the allegations set forth in paragraph 51 of the Complaint. By way of further answer, Explorica states that Kirkman was called upon to perform services for the sales and marketing department consistent the Consulting Services Agreement.

52. Explorica is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 52 of the Complaint and therefore denies the same.

### THIRD CAUSE OF ACTION
### FRAUD/DECEIT/MISREPRESENTATION

53. Explorica denies the allegations set forth in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint states a legal averment for which no answer is required. To the extent an answer is required, Explorica denies the allegations set forth in paragraph 54 of the Complaint.

55. Explorica denies the allegations set forth in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states a legal averment for which no answer is required. To the extent an answer is required, Explorica denies the allegations set forth in paragraph 56 of the Complaint.

### Headings and Subheadings

Explorica need not respond to the headings and subheadings within the Complaint. To the extent that a response is required, Explorica denies any averments in the headings or subheadings of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in all its counts, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was an independent contractor, not Defendant's employee, and therefore Mass. Gen. Law, ch. 151B does not apply.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff performed services for Defendant primarily from his place of residence in California, therefore, Mass. Gen. Law, ch. 151B and Mass. Gen. Law, ch. 149 do not apply.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against the Defendant must be reduced by that amount.  In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against the Defendant must be barred.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any harm or loss suffered by him was caused by his own acts or omissions

### SIXTH AFFIRMATIVE DEFENSE

Explorica hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend its Answer and to assert any such defenses.

Dated:   June 11, 2009                                            Respectfully submitted,

EXPLORICA, INC.

By its attorneys,

/s/ James W. Nagle
James W. Nagle (BBO #366540)
Beth A. Norton (BBO #664580)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA   02109
Tel:  (617) 570-1000
Fax: (617) 523-1231
jnagle@goodwinprocter.com
bnorton@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I, James W. Nagle, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 11, 2009.

/s/ James W. Nagle