# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY KIRKMAN,

                Plaintiff,

v.

EXPLORICA, INC.,

                Defendant.

Civil Action No. 1:09-cv-10945-JLT

## <u>NOTICE OF MANUAL FILING WITH CLERK'S OFFICE</u>

Notice is hereby given that the documents, exhibits or attachments listed below have also

been manually filed with the Court:

    1.    Certified copies of all records and proceedings and all docket entries in
          Commonwealth of Massachusetts Superior Court, Suffolk County, Civil
          Action No. 09-1264-C.

The original of the documents referred to herein are maintained in the case file in the

Clerk's Office.

Dated: June 16, 2009

                      Respectfully submitted,

                      EXPLORICA, INC.,

                      By its attorneys,

                      /s/ Beth A. Norton
                      James W. Nagle (BBO # 366540)
                      Beth A. Norton (BBO # 664580)
                      GOODWIN PROCTER LLP
                      Exchange Place
                      Boston, Massachusetts 02109
                      Tel.:  617.570.1000
                      Fax:  617.523.1231
                      jnagle@goodwinprocter.com
                      bnorton@goodwinprocter.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 16, 2009.

/s/ Beth A. Norton

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# SUCV2009-01624
## Kirkman v Explorica Inc

| | | | |
|---|---|---|---|
| **File Date** | 04/22/2009 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 06/04/2009 | **Session** | C - Civil C, 3 Pemberton Sq, Boston |
| **Origin** | 1 - Complaint | **Case Type** | B22 - Employment Discrimination |
| **Track** | F - Fast track | **Lead Case** | |

**Jury Trial** Yes

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 08/20/2009 | 08/20/2009 | 02/16/2010 | 03/18/2010 | | |
| **Filed By** | 07/21/2009 | 08/20/2009 | 09/19/2009 | 09/19/2009 | | 04/17/2010 | | 02/11/2011 |
| **Heard By** | | | 10/19/2009 | 10/19/2009 | | | 08/15/2010 | |

### PARTIES

**Plaintiff**
Jeffrey Kirkman
Active 04/22/2009

**Private Counsel 648399**
John W Davis
Davis, Pontikes & Swartz, LLC
77 Franklin Street, 3rd Flr.
Boston, MA 02110
Phone: 617-338-5770
Fax: 617-338-5771
Active 04/22/2009 Notify

**Defendant**
Explorica Inc
Served: 05/15/2009
Served (answr pending) 05/28/2009

**Private Counsel 366540**
James W Nagle
Goodwin Procter LLP
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1000
Fax: 617-523-1231
Active 06/04/2009 Notify

**Private Counsel 664580**
Beth A Norton
Goodwin Procter LLP
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1000
Fax: 617-523-1231
Active 06/04/2009 Notify

I HEREBY ATTEST AND CERTIFY ON
6-8-09 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
ASS'T CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/22/2009 | 1.0 | Complaint & jury demand |
| 04/22/2009 | | Origin 1, Type B22, Track F. |
| 04/22/2009 | 2.0 | Civil action cover sheet filed ($129,000.00) |
| 05/28/2009 | 3.0 | SERVICE RETURNED: Explorica Inc(Defendant) (in hand on 5/15/09) |
| 06/04/2009 | | Copy of pletition for removal to U. S. Dist. Court of Deft. |
| | | Explorica, Inc., U. S. Dist.#(109-CV-10945). |
| 06/04/2009 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

**SUCV2009-01624**
**Kirkman v Explorica Inc**

COMMONWEALTH OF MASSACHUSETTS

**1**

SUFFOLK, SS.

SUPERIOR COURT DEPT.
CIVIL ACTION NO.:

**09-1624-C**

| | |
|---|---|
| JEFFREY KIRKMAN,<br>    Plaintiff | )<br>)<br>) |
| | ) |
| v. | )<br>) |
| EXPLORICA, INC.<br>    Defendant | )<br>)<br>) |

2009 APR 22  PH 1:14
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### Parties

1.  The Plaintiff, Jeffrey Kirkman ("Kirkman"), is an individual with a residence at 109 Shore Lake Drive, Apt. L, Greensboro, North Carolina.

2.  The Defendant, Explorica, Inc. ("Explorica") is a Massachusetts corporation with a place of business at 145 Tremont Street, 6th Floor, Boston, Suffolk County, Massachusetts.

### Facts

3.  Kirkman is a 47-year-old homosexual male. He is 'open' about his sexual orientation.

4.  Kirkman was hired by Explorica on or about November 1, 2007.

5.  Kirkman and Explorica executed a contract with Kirkman in which Explorica agreed to compensate Kirkman for his efforts to develop teacher outreach programs for their student travel product.

6.  During the performance of his duties, Kirkman realized that he was treated like an employee, and not like an Independent Contractor. Kirkman attempted on numerous occasions to address and resolve this issue with Explorica, which routinely ignored or rejected Kirkman's attempts.

7.  During November through December 2007, Explorica informed Kirkman that he should expect the company to transfer him to a full-time position in Massachusetts, where Explorica is headquartered.  to move to Explorica's Boston

office and then he would become a full-time W-2 employee in the Boston office but

8. In or about January 2008, Explorica reversed its position by telling Kirkman that the timing was wrong to transfer him and change his classification from Independent Contractor to employee.

9. Kirkman was required to respond to requests from Explorica employees in the Boston and San Diego office. The sales staff in both of these offices called upon Kirkman directly for any needs they had relative to interaction with teachers, fundraising, and customer-based issues.

10. Kirkman worked exclusively with Explorica and was responsible for a workload that required full time hours. Kirkman was an arm of the Marketing office that is based in Boston.

11. Kirkman was expected to participate in all company meetings that involved the sales and marketing staff and operation.

12. Kirkman was required to get permission and approval from Director-level employees to accomplish the tasks assigned to him.

13. Kirkman's position entailed working on a series of projects with the EVP of Sales and Marketing, Mark Cestari, ("Cestari").

14. In January 2008, Kirkman became the director of a larger project called Explorica Edge under the supervision of Cestari.

15. In February 2008, Kirkman traveled to Boston and filmed eight segments for the Explorica Edge program.

16. In April 2008, Kirkman was told that in August 2008 would be the best time for him to join Explorica full time.

17. In May 2008, Cestari expressed doubts about Kirkman being full time in August because there was a new CFO and the budget for the new fiscal year were being finalized.

18. In July 2008, Kirkman went to Paris the full responsibility of the orientation content under the Explorica Edge program.

19. In order for Kirkman to control these orientations, in June 2008, Cestari took away Richard Beekman's, a director-level employee, involvement on these orientation programs.

2

20. In July or August 2008, Cestari told Kirkman to wait until the end of December 2008 to see what the results of their efforts would be and then plan to bring him on full time in January 2008.

21. In August 2008, Kirkman went to Boston to present at the company's Kick Off the Explorica Edge program for 2008-2009.

22. On August 6, 2008, Kirkman had a meeting with Alexa Poulin, ("Poulin"), in which Poulin engaged in an aggressive and emasculating treatment of Kirkman regarding projecting he was involved in relative to his new responsibilities leading Explorica's orientations.

23. The evening of August 6, 2008, Kirkman attended a cocktail party at Cestari's home in which Poulin and other directors attended.

24. Kirkman left the party with Kristina Smith, ("Smith"), an independent contractor who heads marketing for Explorica's Canadian office, after feeling the directors demonstrated a chilly behavior towards him.

25. Kirkman went to a bar at the hotel where he was approached by Richard Beekman, ("Beekman"), Director of Custom Tours, and Justin Berke, ("Berke"), Director of Customer Care.

26. Both Beekman and Berke were aggressive and essentially said they did not want to work with Kirkman and implied that if he did not resign, he would be fired.

27. After Beekman and Berke left Kirkman at the bar, Smith came over to ask what had happened.

28. At this point, Smith told Kirkman that Beekman had said to her that Kirkman was involved with Cestari sexually and that is why he had his job. Beekman had told Smith this in December 2007 when everyone attended the company's Christmas party.

29. Upset, Kirkman called Cestari in Smith's presence to tell him what he just learned.

30. The next day, Kirkman told the HR Director what had occurred.

31. Kirkman filed an official report of sexual orientation discrimination with Human Resources.

32. Days later, Explorica informed Kirkman that he was fired.

33. To date, Explorica still has not provided a reason in support of its decision to terminate Kirkman's employment.

3

<u>Causes of Action</u>

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

<u>FIRST CAUSE OF ACTION</u>

<u>UNLAWFUL DISCRIMINATION BECAUSE OF SEXUAL ORIENTATION
IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B § 4, et. seq.</u>

34. This is a cause of action for unlawful discrimination because of sexual orientation in violation of Massachusetts General Laws Chapter 151B § 4, et. seq.

35. Kirkman is gay; he neither advertises nor conceals this fact.

36. Numerous Explorica employees obviously harbor hurtful and bigoted ideas regarding homosexuality.

37. An Explorica employee told Kirkman of a rumor that he had his position only because he was involved in a sexual relationship with Cestari, another openly gay Explorica employee.

38. Many Explorica employees had continuously made disparaging, sexist remarks about Cestari and Kirkman as far back as the Company Holiday party in December 2007.

39. These rumors are profane, false and malicious.

40. Kirkman filed an official report of sexual orientation discrimination with Human Resources.

41. In August 2008, Kirkman was terminated with no reason in support of this decision.

42. It was unlawful for Explorica to terminate Kirkman because he of his sexual orientation.

43. As a result of the Company's conduct, Kirkman has suffered damages.

44. Kirkman has exhausted his administrative remedies by filing an administrative complaint with the Massachusetts Commission Against Discrimination.

4

### SECOND CAUSE OF ACTION

## VIOLATION OF THE MASSACHUSETTS INDEPENDENT CONTRACTOR LAW MASS. GEN. LAWS CHAPTER 149 § 148B, et. seq.

45.  Kirkman had a long-term relationship with Explorica.

46.  Kirkman had an Explorica email address and online access to the Company's sales management system.

47.  Kirkman was not free from control and direction in the execution of his job as he was increasingly incorporated into the structure of Explorica and had to seek direction from the Director of Marketing, Director of Sales or other staff members.

48.  Kirkman could not carry out his activities and duties with independence and autonomy.

49.  Kirkman reported to Explorica management and was required to work a set schedule.

50.  Kirkman could not complete his job using his own approach.

51.  Kirkman's efforts were part of the sales and marketing efforts of Explorica and were an integral part of the company's sales and marketing strategies.

52.  Kirkman was not working in an independently established occupation. Kirkman only worked with Explorica and had no other clients.

### THIRD CAUSE OF ACTION
### FRAUD/DECEIT/MISREPRESENTATION

53.  Kirkman was told on many occasions that Explorica would transfer him to Boston and correct his classification to that of a W-2 employee.

54.  Kirkman explained that as a result of the misclassification, he was precluded from enjoying employee benefits, including paid vacation days, loss of overtime opportunity, the ability to participate in benefit programs, (i.e., health. dental and 401k plans), was forced to pay higher taxes and was precluded from making Social Security contributions.

55.  Explorica knowingly made false misrepresentations that Kirkman would be transferred to Boston and that he would be treated like an employee.

5

56. Kirkman was reasonable in relying upon these representations, which ultimately caused him economic harm.

**The Plaintiff demands a jury trial on all triable issues.**

WHEREFORE, the Plaintiff prays that this honorable court:

1. enter an award for Kirkman for damages relating to economic losses, foreseeable consequential economic losses, foreseeable emotional distress, financial losses, reasonable attorney's fees, costs and interest against Explorica for their violation of M.G.L. Ch. 151B §4, and M.G.L. Ch 149 §148B and

2. Grant such other relief as this Court deems just and proper.

April 21, 2009

Respectfully submitted,

The Plaintiff,
Jeffrey Kirkman
By his attorney,

I HEREBY ATTEST AND CERTIFY ON
6-8-09, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
Ass't Clerk

John W. Davis (BBO #648399)
Davis & Davis, P.C.
77 Franklin Street, 3rd Floor.
Boston, MA 02110.
(617) 338-5770

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: SUFFOLK | DOCKET NO. 09-1624-C |
|---|---|---|

| TYPE PLAINTIFF(S) NAME  JEFFREY KIRKMAN | TYPE DEFENDANT(S) NAME  EXPLORICA, INC. |
|---|---|
| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
| JOHN DAVIS (BBO # 648399) 77 FRANKLIN ST. 3RD FLOOR BOSTON, MA 02110 (617) 338-5770 | LESLIE BLICKENSTAFF GOODWIN PROCTER EXCHANGE PLACE, BOSTON, MA 02109 (617) 570-1000 |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)     TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B22 | EMP. DISCRIM.     F | [✓] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses
    2. Total doctor expenses
    3. Total chiropractic expenses
    4. Total physical therapy expenses
    5. Total other expenses (describe)
                    Subtotal

B. Documented lost wages and compensation to date      $34,000.00
C. Documented property damages to date
D. Reasonably anticipated future medical expenses
E. Reasonably anticipated lost wages and compensation to date     $40,000.00
F. Other documented items of damages (describe) EMOTIONAL DISTRESS  $35,000.00  $25,000.00 +

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                          Total $ 129,000.00 +

SUFFOLK SUPERIOR CIVIL CLERK'S 2009 APR 22 MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

MISCLASSIFICATION OF EMPLOYMENT STATUS       TOTAL  $35,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 4/15/09

A.O.S.C.3-2007

6-8-09 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASST CLERK

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | * REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| A01 Services, Labor and Materials F) | C01 Land Taking (eminent domain) (F) | E02 Appeal from Administrative |
| A02 Goods Sold and Delivered (F) | C02 Zoning Appeal, G.L. c.40A (F) | Agency G.L. c. 30A (X) |
| A03 Commercial Paper (F) | C03 Dispute concerning title (F) | E03 Claims against Commonwealth |
| A08 Sale or Lease of Real Estate (F) | C04 Foreclosure of mortgage (X) | or Municipality (A) |
| A12 Construction Dispute (A) | C05 Condominium Lien & Charges (X) | E05 Confirmation of Arbitration Awards (X) |
| A99 Other (Specify) (F) | C99 Other (Specify) (F) | E07 G.L. c.112, s.12S (Mary Moe) (X) |
| E03 Claims against Commonwealth (A) | E03 Claims against Commonwealth (A) | E08 Appointment of Receiver (X) |
| or Municipality | or Municipality | E09 General Contractor bond, |
| | | G.L. c. 149, ss. 29, 29a (A) |
| *TORT* | **EQUITABLE REMEDIES** | E11 Worker's Compensation (X) |
| | D01 Specific Performance of Contract (A) | E12 G.L.c.123A, s.12 (SDP Commitment) (X) |
| B03 Motor Vehicle Negligence (F) | D02 Reach and Apply (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) |
| personal injury/property damage | D06 Contribution or Indemnification (F) | E15 Abuse Petition, G. L. c. 209A (X), |
| B04 Other Negligence- (F) | D07 Imposition of a Trust (A) | E16 Auto Surcharge Appeal (X) |
| personal injury/property damage | D08 Minority Stockholder's Suit (A) | E17 Civil Rights Act, G.L. c.12, s. 11H (A) |
| B05 Products Liability (A) | D10 Accounting (A) | E18 Foreign Discovery Proceeding (X) |
| B06 Malpractice-Medical (A) | D12 Dissolution of Partnership (F) | E19 Sex Offender Registry G.L. c. 178M, |
| B07 Malpractice-Other (Specify) (A) | D13 Declaratory Judgment G.L. c. 231A (A) | s. 6 (X) |
| B08 Wrongful Death, G.L. c.229, s.2A (A) | D99 Other (Specify) (F) | E25 Plural Registry (Asbestos cases) |
| B15 Defamation (Libel-Slander) (A) | | E95 **Forfeiture G.L. c. 94C, s. 47 (F) |
| B19 Asbestos (A) | | E96 Prisoner Cases (F) |
| B20 Personal Injury- slip & fall (F) | | E97 Prisoner Habeas Corpus (X) |
| B21 Environmental (F) | | E99 Other (Specify) (X) |
| B22 Employment Discrimination (F) | | |
| B99 Other (Specify) (F) | | |
| E03 Claims against Commonwealth (A) | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.

**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY

MAY RESULT IN DISMISSAL OF THIS ACTION.

# Commonwealth of Massachusetts

3



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 09-1624-C

JEFFREY KIRKMAN
_____ , Plaintiff(s)

v.

EXPLORICA, INC.
_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon John W. Davis, Esq. of
Davis and Davis, PC
plaintiff's attorney, whose address is 77 Franklin St, 3rd Flwr, Boston 02110 an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of
_____ , in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 10/08

I HEREBY ATTEST AND CERTIFY ON
6-8-09 , THAT THE
FOREGOING DOCUMENT IS A FULL
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
ASS'T CLERK

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.



**Suffolk County Sheriff's Department • 151 Merrimac Street, Boston, MA 02114 • (617) 961-6999**

*Suffolk, ss.*

May 19, 2009
I hereby certify and return that on 5/15/2009 at 1:25PM I served a true and
attested copy of the Summons, Complaint,,Interrogatories, Request for Production.
of Documents,Cover Sheet in this action in the following manner: To wit, by
delivering in hand to Elizabeth Dornburgh,Human Res Director,  agent and person in
charge at the time of service for Explorica, Inc., 145 Tremont Street,  Boston,
MA. Basic Service Fee (IH) ($30.00), Travel ($1.00), Postage and Handling ($1.00),
Attest/Copies ($5.00) Total Charges $37.00


Deputy Sheriff   John Cotter


*John Cotter*
                                                          Deputy Sheriff

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                    , 200  .

09045IS

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 09-1624-C

JEFFREY KIRKMAN              , Plff(s).

v.

EXPLORICA INC               , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

*Suffolk Superior Civil # 09-1624C* ✓

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY KIRKMAN,

               Plaintiff,

v.

               Civil Action No. 09-10945

EXPLORICA, INC.,

               Defendant.

2009 JUN -4 PM 3: 57

## NOTICE OF REMOVAL

      Defendant Explorica, Inc. ("Explorica") files this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Suffolk Division (the "Superior Court") to the United States District Court for the District of Massachusetts. As its reasons for removal, Explorica states:

      1.     Explorica is the sole defendant in a civil action in the Superior Court entitled *Jeffrey Kirkman v. Explorica, Inc.*, Civil Action No. 09-1624-C (the "Pending Action"). Explorica first received the complaint in the Pending Action (the "Complaint") on May 15, 1009. Therefore, this Notice of Removal is timely.

      2.     A true and correct copy of the Complaint, summons, and Tracking Order are attached hereto as Exhibit A.

3.    This Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because the Complaint relates to an employee benefit plan that is subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4.    The Complaint alleges that Explorica denied Jeffrey Kirkman "the ability to participate in benefit programs (*i.e.,* health, dental and 401k plans)." Complaint at ¶ 54.

5.    The health and dental benefit programs referenced in the complaint constitute "employee welfare benefit plan[s]" within the meaning of ERISA which is defined to include any employer plan, fund or program "to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits…" 29 U.S.C. § 1002(1).

6.    The Complaint is preempted by ERISA. Under ERISA, claims that "relate to" an employee benefit plan are preempted. 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 47 (1987). A claim relates to an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97 (1983). The Complaint relates to the employee benefit plans because it alleges that Explorica had an obligation to provide Mr. Kirkman with health and dental benefits and failed to honor that obligation.

7.    The Complaint purports to set forth a claim for health and dental benefits and, therefore, comes within ERISA's civil enforcement provisions. ERISA's civil enforcement provisions include authorization for claims by a participant or beneficiary:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

8.      The Complaint is subject to removal.  A state law claim that is preempted by ERISA and that falls within the scope of ERISA's civil enforcement provision is removable to federal court regardless of whether ERISA is expressly raised in the text of the claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).  As set forth above, both criteria for removal are satisfied here.  Because the Complaint raises the type of claim that is specifically authorized by ERISA, the Complaint plainly is removable.

9.      This Court has jurisdiction over all claims and all parties.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

10.     The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Suffolk County, Massachusetts, which lies within this District.

Dated:   June 4, 2009                    Respectfully submitted,

                                         EXPLORICA, INC.

                                         By its attorneys,


                                         /s/ James W. Nagle
                                         James W. Nagle (BBO #366540)
                                         Beth A. Norton (BBO #664580)
                                         GOODWIN PROCTER LLP
                                         Exchange Place
                                         Boston, MA   02109
                                         Tel:  (617) 570-1000
                                         jnagle@goodwinprocter.com
                                         bnorton@goodwinprocter.com

## CERTIFICATE OF SERVICE

I, James W. Nagle, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 4, 2009.

/s/ James W. Nagle

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                        SUPERIOR COURT DEPARTMENT OF
                                                   THE TRIAL COURT

---

JEFFREY KIRKMAN,

                    Plaintiff,

v.                                                 Civil Action No. 09-1624-C

EXPLORICA, INC.,

                    Defendant.

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(d), Defendant Explorica, Inc. ("Explorica") hereby gives notice to the Superior Court of Suffolk County, Massachusetts, and the attorney for plaintiff Jeffrey Kirkman, that, on June 4, 2009, Explorica filed a Notice of Removal, thereby removing this action to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal and its accompanying Notice of Electronic Filing is attached to this Notice.

Dated: June 4, 2009                               Respectfully submitted,

                                                  EXPLORICA, INC.

                                                  By its attorneys,

                                                  James W. Nagle (BBO #366540)
                                                  Beth A. Norton (BBO #664580)
                                                  GOODWIN PROCTER LLP
                                                  Exchange Place
                                                  Boston, MA 02109
                                                  Tel: (617) 570-1000

## CERTIFICATE OF SERVICE

    I, Beth A. Norton, hereby certify that on June 4, 2009, I caused a true copy of the foregoing document to be served by first class mail upon Plaintiff's Counsel, John W. Davis of Davis and Davis P.C., 77 Franklin Street, 3rd Floor, Boston, MA 02160.

Beth A. Norton

CM/ECF - USDC Massachusetts - Version 3.2.2 as of 11/15/08

Page 1 of 2

**Notices**

1:09-cv-10945 Kirkman v. Explorica, Inc.

### United States District Court

### District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered by Nagle, James on 6/4/2009 at 2:57 PM EDT and filed on 6/4/2009

**Case Name:**  Kirkman v. Explorica, Inc.
**Case Number:**  1:09-cv-10945
**Filer:**  Explorica, Inc.
**Document Number:** 1

**Docket Text:**
NOTICE OF REMOVAL by Explorica, Inc. from Suffolk Superior Court, case number SUCV2009-1624-C.
( Filing fee $ 350 receipt number 0101000000002453505) (Attachments: # (1) Exhibit A, # (2) Civil
Cover Sheet, # (3) Civil Category Sheet)(Nagle, James)

**1:09-cv-10945 Notice has been electronically mailed to:**

James W. Nagle    jnagle@goodwinprocter.com

**1:09-cv-10945 Notice will not be electronically mailed to:**

Jeffrey Kirkman

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=6/4/2009] [FileNumber=2885794-0]
[92eb22db405b978201d3d56698ca7439c2b2530058ab84c8eb39aa9b33eed6cfa8aa
3fff4f1a75c53209fdc590e2f91b083479149394f0dbd3c0855d1f5fb6be]]
**Document description:** Exhibit A
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=6/4/2009] [FileNumber=2885794-1]
[671ab338d0752bd09bab263a5c7ba795d6c694c3875a22b1063de7f1ceaa1f1c6cee
6c2dee19e4028db951596ca3959a1ec00809a92410fc19f75f1dd9ee140b]]
**Document description:** Civil Cover Sheet
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=6/4/2009] [FileNumber=2885794-2]
[a1cf974b16a6f2c454cb4330bdb76ab88caa19bf923267d9c5f3612cc273b69ff740
6acc5a7ba1d8e91a1151d272de4925233acefae03db9e9ecfb5a3c7a1d07]]
**Document description:** Civil Category Sheet
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=6/4/2009] [FileNumber=2885794-3]
[8404c356df3374940037670eaa5c7baf74f6df86b2e0bf86ee407484e56cea68c2ed

b0cb89c4f660a3f56636ef38d207571fc69fe1324bc388f87ea63bd2454b]]