UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY KIRKMAN,

        Plaintiff,

v.

EXPLORICA, INC.,

        Defendant.

Civil Action No. 1:09-cv-10945-JLT

## OPPOSITION TO MOTION TO REMAND TO STATE COURT

Defendant Explorica, Inc. ("Explorica") opposes Plaintiff Jeffrey Kirkman's Motion to Remand to State Court for the following reasons:

1.    On June 4, 2009, Explorica removed this action to federal court. On June 10, 2009, Mr. Kirkman filed a Motion to Remand to State Court ("Motion to Remand").[1]

2.    Mr. Kirkman bases his Motion to Remand on the fact that he did not "intend to plead or pursue" claims under the Employee Retirement Income Security Act ("ERISA"). (Motion to Remand, at ¶ 2). The Complaint, however, clearly states that, as a result of his alleged misclassification, Mr. Kirkman was "precluded from enjoying employee benefits, including…the ability to participate in benefit programs (i.e., health, dental and 401k plans)." (Complaint, at ¶ 54). The law is clear that such a claim falls within the scope of ERISA's civil enforcement provision, regardless of whether ERISA is expressly raised in the text of the claim. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987 (holding that a suit seeking

---

[1]    Explorica notes that Plaintiff did not confer with Defendant prior to filing the motion to remand as required by Rule 7.1(A)(2) of the Local Rules of the United States District court for the District of Massachusetts.

payment of benefits is preempted by ERISA even where complaint only asserts state law claims); *Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6-7 (1st Cir. 2008) (holding that, where no ERISA violation is asserted, district court can "recharacterize [state law claims] to reveal their true basis").

3.   Mr. Kirkman's proposal to simply "delete the language in paragraph 54 that gives rise to the ERISA claims" (Motion to Remand, at ¶ 3) is not sufficient to deny this court jurisdiction.  Mr. Kirkman's Second Cause of Action alleges that Explorica misclassified him as an Independent Contractor, but it fails to identify any required secondary violation of Massachusetts' wage law that would make such a misclassification actionable.  Mass. Gen. Law ch. 149 § 148B(d).  Although Mr. Kirkman's intentions with respect to his Second Cause of Action are obscure, Explorica is concerned that he will seek damages for employee benefits that he will assert he was deprived because Explorica classified him as an Independent Contractor.  If Mr. Kirkman intends to abandon such a claim in order to avoid the jurisdiction of this Court, he should, at a minimum, be required to do so in an unequivocal fashion that will preclude him from reviving the claim by seeking damages for lost benefits if he is allowed to return to state court.[2]

4.   Mr. Kirkman's Motion to Remand is premature in that he has not yet presented either Explorica or the Court with an Amended Complaint.  On June 11, 2009, Explorica filed and served an Answer to Plaintiff's Complaint.  Thus, Mr. Kirkman must seek Explorica's written consent or the Court's leave to amend his complaint.  Fed. R. Civ. P. 15(a)(2).  Until such

---

[2]   Indeed, if Mr. Kirkman does not intend to assert a claim for benefits, the Second Cause of Action should be dismissed.  Had Mr. Kirkman been classified as an employee, the facts alleged in the Complaint make clear that he would have been classified as an exempt administrative employee and, therefore, not eligible for overtime pay.  Mass. Gen. Law ch. 151, § 1A(4) (exempting bona fide administrative employees who earn more than $80 per week from overtime pay requirements).  Because the Mr. Kirkman would not have been eligible for overtime pay, he cannot assert he was denied the opportunity to receive overtime pay.  (Complaint, at ¶ 54).  Without a claim for benefits or overtime, Mr. Kirkman has failed to explicitly identify an alleged secondary violation as is required to state a claim for misclassification and the Second Cause of Action should be dismissed.  Mass. Gen. Law ch. 149, § 148B(d).

time as the Plaintiff comes forward with an actual Amended Complaint which clarifies his claims and the scope of his intended relief, remand to state court should not be considered. Even then, remand is not required. The First Circuit has made clear that "[a]n amendment to a complaint *after removal* designed to eliminate the federal claim will not defeat federal jurisdiction." *Chiang v. MITRE Corp.*, 921 F.2d 11, 13 (1st Cir. 1990) (emphasis in original).[3] Mr. Kirkman's inclusion of a claim for benefits "opened the door" for removal and invested this Court with subject-matter jurisdiction. It is now within this Court's discretion to hold or remand the state claims. *Id.*

5. Accordingly, Explorica respectfully requests that Plaintiff's Motion to Remand to State Court be denied.

Dated:   June 23, 2009                              Respectfully submitted,

                                                    EXPLORICA, INC.

                                                    By its attorneys,

                                                    /s/ James W. Nagle
                                                    James W. Nagle (BBO #366540)
                                                    Beth A. Norton (BBO #664580)
                                                    GOODWIN PROCTER LLP
                                                    Exchange Place
                                                    Boston, MA   02109
                                                    Tel:  (617) 570-1000
                                                    Fax: (617) 523-1231
                                                    jnagle@goodwinprocter.com
                                                    bnorton@goodwinprocter.com

---

[3] The Complaint in *Chiang* included both state law claims and a claim arising under a federal statute. As is the case here, after the defendant removed the case to federal court, the plaintiff asserted that he did not intend to invoke any federal claims in his complaint. *Chiang,* 921 F.2d at 13. The First Circuit upheld the District Court's retention of jurisdiction over the remaining state claims, stating that 'it is immaterial that, in retrospect, appellant views his [federal] claim as surplus… As the master of his claim, [plaintiff's] own decision to incorporate the [federal] claim as one of the elements of the suit at the time the complaint was filed opened the door for [the defendant] to remove the case to federal court." *Id.* at 13-14.

## CERTIFICATE OF SERVICE

      I, James W. Nagle, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 23, 2009.

                                                       /s/ James W. Nagle